UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| AUCTUS FUND, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 18-11957-LTS |
| BEMAX, INC., | ) | |
| Defendants. | ) | |

ORDER ON MOTION FOR SUMMARY JUDGMENT
AND PERMANENT INJUNCTION (DOC. NO. 56)

February 21, 2020

SOROKIN, J.

On September 17, 2018, Plaintiff Auctus Fund brought this case alleging various causes of action, Doc. No. 1,[1] and moved for a preliminary injunction ordering Defendant Bemax, Inc. "to permit, cooperate and facilitate the conversion of its outstanding debt, as held by Auctus in such amounts and timing as determined solely by [Auctus] . . . into publicly tradeable shares of [Bemax] common stock." Doc. No. 3 at 1. Bemax opposed the motion. Doc. No. 28. This Court granted Auctus's motion for a preliminary injunction in part, only up to the amount of $200,804.02. Doc. Nos. 37, 38.

Auctus now moves for summary judgment on all counts, for compensatory damages in the amount of $551,081.77, for punitive damages under Mass. G.L. c. 93A in the amount of $1,102,163,54, for statutory interest in an amount to be calculated, for reasonable attorney's fees

---

[1] Citations to "Doc. No. __" reference documents appearing on the court's electronic docketing system; pincites are to the page numbers in the ECF header.

1

and costs in an amount to be determined by the Court, and for a permanent injunction that mirrors the preliminary injunction—i.e., that compels "the conversion of the Plaintiff's debt into publicly tradeable shares of [Bemax] stock." Doc. No. 57 at 2-3. The Court ordered Bemax to respond to Auctus's motion by February 14, 2020. Doc. No. 61. Bemax neither responded nor sought a continuance.

To the extent and for the reasons provided below, the Court ALLOWS IN PART Plaintiff's motion for summary judgment and for a permanent injunction (Doc. No. 56). The motion is otherwise DENIED.

I. BACKGROUND

As the Court noted in its Order granting Plaintiff's motion for a preliminary injunction, the undisputed facts are that Auctus loaned money to Bemax pursuant to an asset purchase agreement and a promissory note. Doc. No. 37 at 1 (citing Doc. Nos. 3-3, 3-4). The agreements specify that they are governed by Nevada law, although the parties may bring disputes over them only in the state and federal courts in Massachusetts. Id. (citing Doc. Nos. 3-3 at 23, 3-4 at 22). Bemax assumed various obligations under these agreements. Id. It has defaulted on at least some of these obligations including, among others, repayment of the loan and timely filing of all documents required by the U.S. Securities and Exchange Commission. Id. The undisputed record establishes these defaults and, of course, Bemax has not opposed the motion. Id.

Auctus has alleged seven causes of action, all of them arising from Bemax's default on its contractual obligations: (a) breach of contract (Count I); (b) breach of implied covenant of good faith and fair dealing (Count II); (c) unjust enrichment (Count III); (d) breach of fiduciary duty (Count IV); (e) fraud and deceit (Count V); (f) negligent misrepresentation (Count VI); and (g) violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A (Count VII).

Doc. No. 1. Auctus seeks compensatory damages for its breach of contract claim (Count I) in the amount of $551,081.77. Doc. No. 57 at 7. It does not seek additional compensatory damages for its other claims (Counts II – VI) but seeks punitive damages in the amount of $1,102,163,54 for its Chapter 93A claim (Count VII). Id. at 7-10.

II. DISCUSSION

    A. Breach of contract claim (Count I)

As noted above, Bemax has defaulted and breached its obligations under the asset purchase agreement and promissory note it entered into with Auctus. Doc. No. 37. Auctus has established liability on this claim.

As to damages, Auctus seeks:

(a) $118,086.27, the outstanding principal on the promissory note;
(b) $43,716.95, the amount of default interest due through January 30, 2020;
(c) $5,000 for breach of section 1.3 of the promissory note;
(d) $15,000 for breach of section 1.4(g)
(e) $15,000 as a maturity date penalty;
(f) $15,000 for breach of sections 3.9, 3.10 and/or 3.19;
(g) $84,819.64, the amount of liquidated damages provided as a penalty in section 3.10 (50% of default amount); and
(h) 254,458.91, the amount of liquidated damages provided as a penalty in section 3.2 (100% of default amount).

Doc. No. 56-2. These damages total $551,081.77. Id.

As the Court explained in its Order on Auctus's motion for preliminary injunction, the agreements at issue are governed by Nevada law, which provides that liquidated damages that constitute a penalty for breach are unenforceable. Doc. No. 37 at 3. Accordingly, the Court determined that the liquidated damages in the agreements that constitute penalties—the damages provided in (g) and (h) above—were unenforceable under Nevada law. Id.

At the same time, the Court determined that other liquidated damages provisions in the agreements at issue did not constitute penalties and were therefore "entitled to the presumption of Nevada law that 'liquidated damage provisions are prima facie valid.'" Id. (quoting Harmony v. Sawyer, 654 P.2d 1022, 1023 (Nev. 1982)). These liquidated damages provisions include the fixed-amount penalties as provided in (c) to (f) above. Id. at 3-4. The Court finds that Auctus has shown it is entitled both to the non-penalty liquidated damages (subsections (c) to (f)) and to damages in the amount of the remaining outstanding principal and the default interest provided in subsections (a) and (b) above. The Court therefore determines that Auctus has established it is entitled to compensatory damages in the amount of $211,803.22.[2] Thus, the motion for summary judgment is ALLOWED as to Count I in the amount of $211,803.22.

Pursuant to the agreements at issue, Auctus is also entitled to the reasonable attorney's fees and costs incurred in bringing this action. See Doc. No. 56-4 (Securities Purchase Agreement) at 23, § 9(a); Doc. No. 56-5 (Convertible Promissory Note) at 22, § 4.6. Accordingly, within 14 days of this Order, Auctus shall submit its request for its attorney's fees and costs with proof of service on Bemax, who shall have 14 days to respond.

B. Tort and quasi-contract claims (Counts II - VI)

Auctus has failed to submit evidence establishing the elements of its tort and quasi-contract claims—breach of implied covenant of good faith and fair dealing (Count II); unjust enrichment (Count III); breach of fiduciary duty (Count IV); fraud and deceit (Count V); and negligent misrepresentation (Count VI). Doc. No. 57 at 8-9. Simply put, mere breach of the contracts, without more, does not establish these other claims. To the extent Auctus points to timing—that

---

[2] This amount represents the total of (a) $118,086.27 + (b) $43,716.95 + (c) $5,000 + (d) $15,000 + (e) $15,000 + (f) $15,000.

Bemax defaulted shortly after receiving the loan proceeds—that is not enough to establish these other claims. Without any evidence as to any of the circumstances surrounding the default and drawing all reasonable inferences in Defendant's favor as required on Auctus's motion for summary judgment, Auctus has failed to establish an evidentiary basis to support any of these claims.³ Accordingly, as to Counts II – VI, the Court DENIES Auctus's motion for summary judgment.

    C. <u>Chapter 93A claim (Count VII)</u>

Auctus seeks summary judgment that Bemax has violated M.G.L. c. 93A, which provides in relevant part that "unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." <u>Doc. No. 57 at 7</u> (quoting M.G.L. c. 93A, § 2(a)). The motion as to this claim fails for two reasons. First, for the reasons expressed as to Counts II – VI, Auctus has failed to establish any unfair or deceptive acts or practices. Second, Auctus may not bring a claim under Chapter 93A "unless the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred <u>primarily and substantially</u> within the commonwealth." M.G.L. c. 93A, § 11 (emphasis added). Auctus makes no such showing.

At most, Auctus has offered the evidence that Bemax is registered with the SEC "and the various state securities authorities, including but not limited to, upon information and belief, the Commonwealth of Massachusetts," and that the agreements at issue in this action were prepared by Auctus's securities transaction counsel"—though without specifying that the agreements were prepared in Massachusetts. <u>Doc. No. 56-1</u> (Aff. of Louis Posner) at 1-2 ¶¶ 3, 8. Auctus does not

---

³ Auctus also seeks no additional or different damages as to these claims than it does for its breach of contract claim (Count I). <u>Id.</u>

5

point to any evidence that Bemax, a Nevada corporation having its principal place of business in Georgia, Doc. No. 1 ¶ 5, defaulted on its obligations—or engaged in any other conduct that is the subject of this action—in the Commonwealth. Because Auctus has not shown that the conduct of which it complains took place "primarily and substantially" in Massachusetts, Auctus has failed to establish its Chapter 93A claim.

Accordingly, the Court DENIES Auctus's motion for summary judgment as to its Chapter 93A claim (Count VII).

    D. Permanent Injunction

Auctus seeks a permanent injunction that mirrors the preliminary injunction the Court issued in its December 7, 2020 Order, Doc. Nos. 37, 38—i.e., a permanent injunction "compelling the conversion of the Plaintiff's debt into publicly tradeable shares of [Bemax] stock," Doc. No. 57 at 3. Auctus's request is unopposed. For the reasons articulated in the Court's Order allowing the preliminary injunction, Doc. No. 37, and the reasons articulated above, the Court is satisfied the Auctus has shown it is entitled the permanent injunction it seeks, but only in the amount of $211,803.22.

III. CONCLUSION

For the reasons provided above, the Court ALLOWS IN PART Auctus's motion for summary judgment as follows: the Court ALLOWS Auctus's motion for summary judgment on its breach of contract claim (Count I) and awards compensatory damages in the amount of $211,803.22; the Court DENIES Auctus's motion for summary judgment on its remaining claims (Counts II – VII); the Court ALLOWS Auctus's motion for a permanent injunction to the extent of the compensatory damages award ($211,803.22).

Within 14 days of this Order, Auctus shall submit a proposed Permanent Injunction Order. Auctus shall also advise the Court whether it plans to proceed on any of the claims as to which the Court has DENIED summary judgment (Counts II – VII). Also within 14 days of this Order, Auctus shall submit its request for attorney's fees and costs with proof of service on Bemax, who shall have 14 days to respond.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge